UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JASSMINE SAFIER, for herself
and all others similarly situated,**

      **Plaintiff,**

**v.**                                  **No. Civ. 11-121 JCH/WDS**

**NATIONAL CREDIT SOLUTIONS, L.L.C.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant National Credit Solutions, L.L.C.'s ("NCS") *Motion to Enforce Settlement Agreement* [Doc. 13]. The Court, having considered the motion, briefs, exhibits, additional briefing, and relevant law, and being otherwise fully informed, finds that Defendant's motion is not well-taken and should be DENIED.

## BACKGROUND

Plaintiff alleges that NCS violated the Fair Debt Collection Practices Act and the New Mexico Unfair Practices Act. *See* Complaint [Doc. 1] at 2 ¶ 8. Plaintiff brought suit on her own behalf, as well as on behalf of a putative class. *See id*. at 7-9 ¶¶ 40-54. On March 10, 2011, Defendant served an Offer of Judgment on Plaintiff pursuant to Fed. R. Civ. P. 68(a). *See* Doc. 9. The Offer of Judgment specified that, if accepted, the judgment entered against Defendant would be in total settlement of any and all claims by Plaintiff. *Id*. at 2 ¶ 3. The Offer of Judgment contained a provision offering to allow judgment to be entered in the total amount of $2,001.00 in addition to Plaintiff's reasonable costs and reasonable attorney's fees accrued to that point. *Id*. at 1 ¶¶ 1-2. It did not address any other issues, such as confidentiality provisions or whether Plaintiff's credit record would be cleared.

On March 24, 2011, Plaintiff's counsel sent an email to Defendant's counsel stating "My

client will accept the offer of judgment," and requesting that Defendant's counsel "send over the necessary paperwork." *See* Ex. A attached to Doc. 13.  Shortly after her counsel sent the email purporting to accept Defendant's Offer of Judgment, Plaintiff apparently raised a concern with her counsel that her credit would continue to be negatively impacted by Defendant's actions if the information placed in her credit file were not removed.  Plaintiff's counsel subsequently notified Defendant's counsel that his client wanted the negative information removed from her credit report, to which Defendant's counsel apparently responded that she would have to check with her client regarding the availability of that relief.[1]  Defendant's counsel also allegedly told Plaintiff's counsel that this issue could be addressed in a traditional settlement agreement.

Almost one week passed without Plaintiff receiving any information on Defendant's position regarding her credit file.  During this time, on March 31, 2011, the Tenth Circuit issued a ruling in a case raising similar issues that Plaintiff viewed as potentially favorable to her position in this case.  *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011).  As a result of this change in the law and the uncertainty regarding her credit file, Plaintiff's counsel sent a letter on April 1, 2011, indicating that, because the parties had not been able to come to a settlement agreement based on the Offer of Judgment, and because the time for proceeding under Rule 68 had passed, Plaintiff intended to move forward with her case.  *See* Ex. 9, attached to Doc. 17.  Plaintiff's counsel emailed a copy of this letter to Defendant's counsel in the morning of April 1.  *See id.*

In the late afternoon of April 1, Defendant's counsel sent an email to Plaintiff's counsel

---

[1] Although the parties disagree about whether the discussion regarding Plaintiff's credit file occurred on March 24 or March 25, the actual date is not material to whether the settlement should be enforced, because it appears that neither party contends that the discussion took place prior to Plaintiff's counsel's email indicating that she would accept the Offer of Judgment.

indicating that she had ascertained that Defendant did not own the debt in question (thus precluding Defendant from being able to act to fix Plaintiff's credit file).  *See* Ex. B-1, attached to Doc. 13.  This position conflicted with Plaintiff's understanding, based on Defendant's Answer, that Defendant "purchased outstanding financial obligations owed [to] Hollywood Video and Movie Gallery."  Defendant's Answer and Affirmative Defenses to Plaintiff's Class Action Complaint [Doc. 6] at 2 ¶ 11.  Defendant's counsel attached to this email a proposed settlement agreement for Plaintiff to review.  *See* Ex. B-1, attached to Doc. 13.  The proposed settlement agreement included provisions that differed materially from those presented in the Rule 68 Offer of Judgment, such as a confidentiality clause.  *See* Defendant's Proposed Settlement Agreement, attached as Ex. 1 to Doc. 17.  In an email sent the next day, Plaintiff's counsel reiterated his client's rejection of the proposed settlement agreement and her interest in pursuing her claim.  *See* Ex. D-1, attached to Doc. 17.

Fed. R. Civ. P. 68(a) specifies that "[i]f, within 14 days of being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service."  Fed. R. Civ. P. 68(a).  If these conditions are complied with, the Court clerk must then enter judgment.  *Id*.  Because the parties were not successful in executing a settlement agreement, the primary question before the Court is whether all of the Rule 68 prerequisites were met, thereby binding Plaintiff to the terms of the Offer of Judgment.

The Court sought and received additional briefing on the issues of: (1) whether Plaintiff's counsel's March 24, 2011 email to Defendant's counsel unequivocally stating that his client would accept the Offer of Judgment fulfilled the requirement that "the opposing party serve[] written notice accepting the offer"; and (2) whether Defendant's attachment of the March 24, 2011 email to its *Motion to Enforce Settlement*, combined with a certificate of service showing

that the Offer of Judgment was served on Plaintiff [Doc. 9], fulfilled the requirement of "fil[ing] the offer and notice of acceptance, plus proof of service."  *See* Doc. 23.

## ANALYSIS

Rule 68 does not afford the Court any discretion in whether to enter judgment upon the filing of an Offer of Judgment, service of notice of acceptance, and proof of service.  *See, e.g., Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("Rule 68 operates automatically...[and] [e]ntry of a Rule 68 judgment is ministerial rather than discretionary.").  Because of the self-executing nature of a properly filed Rule 68 acceptance, it is especially important that the Court ensure that all of the Rule's requirements have been met before it enters judgment.

There is no dispute that Defendant properly met the initial requirement of Rule 68, that of "serv[ing] on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  This was done through service of the Offer of Judgment on Plaintiff, as evidenced by Doc. 9.  However, it does not appear that the email from Plaintiff's counsel to Defendant's counsel, stating that his client would accept the offer of judgment, constitutes "serv[ing] written notice accepting the offer."  Fed. R. Civ. P. 68.  Sending an email did not equate to service of formal written notice accepting the offer, and therefore does not meet the requirements of Rule 68.  To meet the requirements of Rule 68, "service of process must comply with Fed. R. Civ. P. 5(b)."  *Manguson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996).  Under Fed. R. Civ. P. 5(b)(2)(E), service by electronic means is invalid unless the party receiving it has specifically consented in writing to receiving papers in that manner.  Such consent must be "express," and parties "are encouraged to specify the scope and duration of the consent."  Advisory Committee Notes to Fed. R. Civ. P. 5, 2001 Amendments.  Without such express consent, an email purporting to accept an Offer of Judgment is not considered valid

4

service of written notice.  *See Ortiz-Moss v. N.Y. City DOT*, 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008) (plaintiff who sent email notice of acceptance of Rule 68 offer could not enforce terms of the offer because, absent written consent to accept service by electronic means, notice by email did not comply with requirements of Rule 5).

Defendant cites three cases in support of its argument that "[a]n acceptance of an Offer of Judgment can be made via email."  Doc. 26 at 4 (citing *Williams v. NCO Financial Sys., Inc.*, 2011 U.S. Dist. LEXIS 50635 (E.D. PA. May 11, 2011); *McDonald v. City of Florissant*, 2011 U.S. Dist. LEXIS 44814 (E.D. MO. Apr. 26, 2011); *Zevgolis v. Greenberg Law Firm, P.C.*, 2011 U.S. Dist. LEXIS 50963 (E.D. VA. May 12, 2011).  While each of these cases involves a situation in which the plaintiff accepted an Offer of Judgment via email, they are of limited use to Defendant because none of the cases discusses the circumstances under which the acceptances were served or whether the defendants had consented to service by electronic means.  The issue is not whether acceptance of an Offer of Judgment may ever be made by email, but rather whether an email purporting to accept the offer constitutes proper service in this case.  The record before the Court does not indicate that the parties have expressly agreed to electronic service in this matter, and it is not apparent that Plaintiff intended his counsel's email to serve as formal acceptance of the Offer of Judgment.

Certainly, under this district's local rules, electronic filing of documents is mandatory, and electronic filing constitutes service for purposes of Rule 5.  *See* D.N.M. LR-Civ. 5.1(a). Mandatory registration with the district's CM/ECF electronic filing system "constitutes waiver of the right, under Rule 5 of the Federal Rules of Civil Procedure, to personal service or service by first class mail.  CM/ECF Administrative Procedures Manual at 2 ¶ 3(a).  However, this express consent to receive service of documents electronically is limited to those documents

actually filed on the Court's docket through the CM/ECF system.  *See* CM/ECF Attorney

Account Registration Form ("By registering, the registrant consents to receive electronic notice

and service of filings *through the system*...The undersigned also consents to receiving notice of

filings pursuant to Fed. R. Civ. P. 5(b) and 77(d) *via the Court's electronic filing system*")

(emphasis added).  The email from Plaintiff's counsel to Defendant's counsel was not a filing

and was not entered in the Court's system.  As such, it does not constitute the type of document

that the parties agreed could be served electronically, and therefore does not constitute service of

written notice of acceptance for purposes of Rule 68.

Even if the email to Defendant's counsel was viewed as constituting service of notice of

acceptance of the offer, Defendant has not met Rule 68's other requirement that it "file the offer

and notice of acceptance, plus proof of service."  Defendant did not file the purported notice of

acceptance and accompanying proof of service on the docket; it merely attached the email

correspondence to its Motion to Enforce Settlement Agreement.  Defendant has not provided any

case law to indicate that such informal and piecemeal documentation satisfies Rule 68's

requirements.  Because Rule 68 is self-executing when its requirements are met, and because the

consequences to both parties of agreement to an Offer of Judgment are so significant, formalities

demonstrating that both parties intended to give binding effect to the offer and acceptance must

be present before the Court will enforce the purported agreement.  Neither party took any steps

to formalize the purported agreement that stemmed from the email from Plaintiff's counsel.  *See,*

*e.g., Paris v. Ford Motor Co.*, Civ. No. 05-439 ACT/RLP (D.N.M 2007) at Doc. 77 (Notice of

Acceptance of Offer of Judgment, signed by the plaintiff's attorney and filed on the docket

through the Court's electronic filing system).  Therefore, the Court cannot conclude that Rule

68's requirements have been met and holds that there is no agreement to enforce.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Enforce Settlement Agreement* [Doc. 13] is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**