IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASSMINE SAFIER, for herself
and all others similarly situated,

      Plaintiff,

v.                                                          Civ. No. 11-121 JCH/WDS

NATIONAL CREDIT SOLUTIONS, L.L.C.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant National Credit Solutions, LLC's Motion for Reconsideration of this Court's Memorandum Opinion and Order* [Doc. 38]. For the reasons stated below, the Court will deny the motion.

## BACKGROUND

Plaintiff filed a class action complaint against Defendant pursuant to the Federal Debt Collections Practices Act and the New Mexico Unfair Practices Act. *See* Doc. 1. On March 10, 2011, Defendant served Plaintiff with an Offer of Judgment pursuant to Fed. R. Civ. P. 68. *See* Doc. 9. On March 24, 2011, Plaintiff's counsel sent an email to Defendant's counsel stating "My client will accept the offer of judgment. Please send over the necessary paperwork." Ex. C attached to Doc. 37. Counsel for Plaintiff and Defendant discussed entering a settlement agreement to address issues not included in the Offer of Judgment but did not reach a settlement agreement. *See* Doc. 38 at 3-4. Plaintiff's counsel later informed Defendant's counsel that a recent Tenth Circuit decision caused Plaintiff to reconsider her position and that Plaintiff would "be pressing forward with class certification proceedings in this case." Doc. 38 at 3.

On April 15, 2011, Defendant filed a motion asking the Court to enter an order enforcing the

settlement agreement set forth in the Offer of Judgment. *See* Doc. 13. After the completion of briefing of Defendant's motion to enforce the settlement agreement, the Court entered an order seeking additional briefing "on two questions that have not been fully addressed in the initial briefing but that bear on [the Court's] determination of the [motion to enforce the settlement agreement]:"

> (1) Whether Plaintiff's counsel's March 24, 2011 email to Defendant's counsel unequivocally stating that his client would accept the offer of Judgment fulfilled the requirement that "the opposing party serve[] written notice accepting the offer"? and
>
> (2) Whether Defendant's attachment of the March 24, 2011 email to its *Motion to Enforce Settlement*, combined with a certificate of service showing that the Offer of Judgment was served on Plaintiff [Doc. 9], fulfilled the requirement of "fil[ing] the offer and notice of acceptance, plus proof of service"?

Doc. 23 at 3. Defendant filed an additional brief which argued that an acceptance of an Offer of Judgement can be made via email but did not address whether service by email in this case complied with Federal Rule of Civil Procedure 5(b). *See* Doc. 26. In her additional brief, Plaintiff advanced the argument, supported by citation to legal authority, that because the parties never consented in writing to accept service by electronic means, service of the acceptance via email did not constitute written notice accepting the offer for purposes of Rule 68. *See* Doc. 29 at 10.

On February 22, 2012, the Court denied Defendant's *Motion to Enforce the Settlement Agreement*. *See* Doc. 31. The Court concluded that the email from Plaintiff's counsel to Defendant's counsel "d[id] not constitute the type of document that the parties agreed could be served electronically, and therefore does not constitute service of written notice of acceptance for purposes of Rule 68." *Id.* at 6. The Court also concluded that "[e]ven if the email to Defendant's counsel was viewed as constituting service of notice of acceptance of the offer, Defendant has not met Rule 68's other requirement that it 'file the offer and notice of acceptance, plus proof of

service.'" *Id.*  The Court held that "there is no agreement to enforce." *Id.*

On May 10, 2012, Defendant filed its *Notice of Filing of Acceptance of Rule 68 Offer of Judgment* [Doc. 37] and the following day filed its *Motion for Reconsideration* [Doc. 38] now before the Court.

## **DISCUSSION**

While "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider,'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), "district courts generally remain free to reconsider their earlier interlocutory orders," *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).  Although interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," Fed.R.Civ.P. 54(b), interlocutory orders "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice,'" *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).  A motion for reconsideration is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 205 F.3d 1005, 1012 (10th Cir. 2000).  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) (table).

In its *Motion for Reconsideration*, Defendant asks the Court to enter judgment in accord with Defendant's Offer of Judgment.  Defendant now argues that Rule 5(b)'s requirement for written consent to accept service of documents electronically is meant to protect the recipient of the

document, not the sender, and that Defendant has waived any objection to any possible defect in Plaintiff's service of the acceptance via email. Defendant could have raised this argument in the prior briefing given that the Court had requested supplemental briefs and specifically asked whether Plaintiff's counsel's email fulfilled the requirement that the opposing party serve written notice accepting the offer. Defendant did not raise the issue of waiving the Rule 5 requirement in its briefs. Consequently, the Court did not consider whether service by electronic means is valid if the recipient waives its objection to the improper service. The Court has a limited and neutral role in the adversarial process and will not comb the record, do counsel's work of organizing, or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). Doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000). Because it "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing," and because Defendant has not set forth any argument regarding any intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice, the Court will deny Defendant's *Motion for Reconsideration*. *See Servants of the Paraclete v. Does*, 205 F.3d 1005, 1012 (10th Cir. 2000).

Defendant requests that, if the Court upholds its decision to not enforce the settlement agreement in the Offer of Judgment, that the Court certify both its Memorandum Opinion and Order denying Defendant's *Motion to Enforce Settlement Agreement* and this Order denying the *Motion for Reconsideration* for interlocutory appeal pursuant to 28 U.S.C. 1292(b) which provides in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

>that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. 1292(b). Defendant contends that "whether Rule 5 contemplates that a party who serves a document via electronic means without the recipient's consent may thereafter use its own improper service to defeat the legal effect of the document, even when the recipient does not object to the improper service" is a controlling question of law as to which there is substantial ground for difference of opinion. *See* Doc. 38 at 19.

The Court will deny Defendant's request to certify its Memorandum Opinion and Order denying Defendant's *Motion to Enforce the Settlement Agreement* for interlocutory appeal. Rule 5 clearly states that service of an offer of judgment may be made by electronic means "if the person consents in writing," and Defendant admitted that it "had not previously consented to receive service of documents from Plaintiff via electronic means." *See* Doc. 38 at 7. Defendant's characterization of the question of law arising from the Order denying Defendant's *Motion to Enforce the Settlement Agreement* is based on Defendant's argument that Defendant, as recipient of the email, may waive Rule 5's requirement that service of an offer of judgment may be made by electronic means only if the person consents in writing. *See* Doc. 38 at 2. The Court's Order did not "involve" the question of whether a recipient of service by electronic means may waive Rule 5's requirement of prior written consent.

The Court will also deny Defendant's request to certify this Memorandum Opinion and Order denying Defendant's *Motion for Reconsideration*. The only issue addressed in this Order is whether to grant a motion for reconsideration. Case law is clear that it is not appropriate to address arguments that could have been raised in prior briefing. The Court's decision to deny Defendant's *Motion for Reconsideration* does not involve a controlling question of law as to which there is

5

substantial ground for difference of opinion.

**IT IS THEREFORE ORDERED** that *Defendant National Credit Solutions, LLC's Motion for Reconsideration of this Court's Memorandum Opinion and Order* [Doc. 38] is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**